IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MONICA HARTMAN,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHERN HILLS PROPERTY GROUP,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AND TEXAS BUSINESS & COMMERCE CODE**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, Monica Hartman ("Hartman"), through her counsel, and for her Complaint against Defendant Southern Hills Property Group ("Southern") states:

## INTRODUCTION

1.  Plaintiff brings this complaint for Defendant's violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, *et seq*. and sections § 305.053 and § 302.101 of the Texas Business & Commercial Code.

## PARTIES

2.  Hartman is a natural person who, at all times relevant to this Complaint, resided in Haslet, Texas.

3.  Southern is a for-profit company and maintains its principal place of business at 101 E. Park, Suite 600, Plano, Texas 75074.

4.  Whenever it is alleged herein that any Defendant did any act, it is meant that the Defendant performed or participated in the act or that Defendant's officers, agents or employees performed or participated in the act on behalf of and under the authority of a Defendant.

## JURISDICTION AND VENUE

5.  This Court's jurisdiction arises under 47 U.S.C. § 227(g)(2), and 28 U.S.C. §§ 1331 and 1337.

6.  Supplemental jurisdiction for Plaintiff' state law claims arises under 28 U.S.C. § 1367.

-1-

complaint

7.      Venue is appropriate in this federal district under 47 U.S.C. § 227(g)(4) and 28 U.S.C. § 1391 because Defendants regularly transact business within this federal judicial district and, therefore, reside in this federal judicial district within the meaning of 28 U.S.C. § 1391(b) and (c).

## BACKGROUND REGARDING CLAIMS

*A. The TCPA.*

8.      The TCPA regulates, among other things, the use of a prerecorded message to make calls or send prerecorded calls. See 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

9.      Specifically, the TCPA prohibits the sending of prerecorded message to wireless numbers in the absence of an emergency or prior express written consent of the called party. *See*, 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

10.     "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

11.     "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

*B. National Do Not Call Registry.*

12.     The National Do Not Call Registry allows consumers to register their telephone numbers thereby indicating their desire not to receive telephone solicitations at those numbers; and the registration "must be honored indefinitely, or until it is cancelled by the consumer or the telephone number is removed by the database administrator." 47 C.F.R. §

64.1200(c)(2).

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

14. Southern is a "person" as that term is defined by 47 U.S.C. § 153(39).

15. Southern is a "telemarketer" within the meaning of 47 C.F.R. § 64.1200(f)(12).

16. Ms. Hartman's telephone number, XXX-XXX-2300, is registered to a cellular telephone service.

17. Ms. Hartman's number ending in 2300 has been registered on the National Do Not Call Registry since November 17, 2020.

18. The cellular telephone was registered in Ms. Hartman's name but used by Ms. Hartman's minor son.

19. Plaintiff has never sought or solicited information regarding Defendant's services prior to receiving the prerecorded calls at issue.

20. Plaintiff's minor son has never sought or solicited information regarding Defendant's services prior to receiving the prerecorded calls at issue.

21. The Defendant has never had a "established business relationship" with Plaintiff or her minor son within the meaning of 47 C.F.R. § 64.1200(f)(5).

22. Plaintiff was not interested in selling her property.

23. Plaintiff did not consent to receiving any communications from Defendant.

24. Plaintiff's minor son did not consent to receiving any communications from Defendant.

25. On March 19, 2021, at 10:17am CST, the following text was sent by Defendant to the number ending in 2300: "Hey, just following up to see if you have any thoughts on the sale of you house? We are still buying in your area, let me know if you can chat.  If you'd rather not txt, reply QUIT."

26. In response, Plaintiff responded indicating "STOP."

27. On March 29, 2021, at 9:41am, CST, the following text was sent by Defendant to the number ending in 2300: "Hey, just following up to see if you have any thoughts on the sale of you house? We are still buying in your area, let me know if you can chat.  Reply END to end."

28. Thereafter, on April 16, 2021, at 11:11am CST, the following text was sent by Defendant to the number ending in 2300: "A house we were buying fell through, and we really need to pickup another one to keep our guys busy.  Would you be open to make a deal on yours?  Thank you if uninterested, QUIT to end."

29. In response, Plaintiff responded indicating "QUIT."

30. Defendant's identity was confirmed by calling the number sending the text messages to Plaintiff's number.

31. Plaintiff later received a copy of the warranty confirming that Defendant Southern was the Seller and Palmer was the Administrator.

32. Defendant received an additional call from Defendant on October 19, 2020.

33. The Defendants' initiated calls to Plaintiff and transmitted prerecorded messages for the purpose of encouraging the purchase of a Palmer car warranty.

34. The Defendants' telephone calls, as alleged herein, constitutes "telemarketing" within the meaning of 47 C.F.R. § 64.1200(f)(13).

35. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

36. Defendants are not registered with the Office of the Secretary of State.  <u>See</u> https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA's National Do-Not-Call Registry Provisions**
**47. U.S.C. 227(c) and 47 C.F.R. § 64.1200(c)(2)**

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

CLASS ACTION complaint

38. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by sending multiple solicitation texts within a 12-month period to the residential and cellular telephone numbers belonging to Plaintiff despite registration on the National Do Not Call Registry and without having signed, written prior express invitation or permission.

39. The Defendants' TCPA violations were negligent and/or willful.

40. The TCPA provides a private right of action for these claims under 47 U.S.C. § 227(c)(5).

### SECOND CAUSE OF ACTION
### Violations of Tex. Bus. & Com. Code § 305.053

41. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42. Defendant placed telemarketing texts to Plaintiff's telephone number.

43. Each of these texts violated 47 U.S.C. § 227.

44. Plaintiff is entitled to: (a) a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305; (b). the greater of $500 for each violation or Plaintiff's actual damages (see Tex. Bus. & Com. Code §304.053(b); (c) the greater of $1,500 for each violation or Plaintiff's actual damages for each call made knowingly or intentionally (see Tex. Bus. & Com. Code §304.053(c).

### THIRD CAUSE OF ACTION
### Violations of Tex. Bus. & Com. Code § 302.101

45. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

46. Plaintiff is a "consumer" as defined by § 301.001(2) of the Texas Business and Commerce Code.

47. Defendant is a "telephone solicitor" as defined by § 301.001(5) of the Texas Business & Commerce Code.

48. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State

for the business location from which the solicitation is made.

49.     Defendants violated § 302.101 of the Texas Business & Commercial Code when their representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

50.     §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of their proposed Classes, pray for the following relief:

A.      An order declaring that Defendants 'actions, as set out above, violate 47 U.S.C. §227(b);

B.      An award of statutory damages;

C       An award of treble damages; and

D.      Such other and further relief that the Court deems reasonable and just.

### JURY TRIAL DEMAND

Plaintiff demand trial by jury on all issues so triable.

**GINSBURG LAW GROUP, P.C.**
*Attorneys for Plaintiff,*
*Monica Hartman*

Dated:  October 19, 22

By:  _____*s/ Amy L. B. Ginsburg*_____

AMY L. B. GINSBURG